IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., GOOGLE, INC., and KAYAK SOFTWARE CORPORATION,<br><br>　　　　　　　　Defendants. | Case No. 6:09cv154<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Parallel Networks, LLC ("Plaintiff") complains of Defendants Amazon.com Inc., Google, Inc., and Kayak Software Corporation ("Defendants") as follows:

1.　　This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

2.　　Parallel Networks, LLC ("Parallel Networks") is a Texas limited liability company with a place of business at 100 E. Ferguson, Suite 602, Tyler, Texas  75702.

3.　　Plaintiff owns the right, title and interest in and has standing to sue for infringement of: United States Patent No. 6,446,111 B1 (the "'111 Patent") entitled "Method And Apparatus For Client-Server Communication Using A Limited Capability Client Over A Low-Speed Communications Link" which issued on September 3, 2002.  The '111 Patent is attached hereto as Exhibit A.

4.　　On information and belief, Defendant Amazon.com Inc. ("Amazon") is a Delaware corporation with its corporate headquarters and principal place of business at 1200 12th

Avenue South, Suite 1200, Seattle, Washington 98114-2734. Amazon has appointed its agent for service as follows: Corporation Service Company, 6500 Harbour Heights Parkway, Suite 400, Mukilteo, Washington 98275.

6. On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043. Google has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

7. On information and belief, Defendant Kayak Software Corporation ("Kayak") is a Delaware Corporation with its corporate headquarters and principal place of business at 55 North Water Street, Suite 1, Norwalk, CT 06854 USA. It may be served with process by serving the Texas Secretary of State, Citations Unit, 1019 Brazos Street, Room 214, James E. Rudder Building, Austin, Texas 78701 as its agent for service because defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas. The Texas Secretary of State shall then mail a copy of the process by registered or certified mail, return receipt requested, to Defendants' home office address listed above.

8. Defendants transact substantial business in this judicial district and have committed acts of infringement in this judicial district, at least by soliciting advertising from Texas companies and by operating Internet websites and conducting business over those Internet websites that are accessible to residents of Texas, including www.amazon.com, www.kayak.com, and www.google.com, which infringe the '111 patent.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

10. Amazon has infringed, and is now at least directly infringing, at least claim 1 of the '111 Patent through, among other activities, the manufacture, use, sale and/or offer for sale of

products and services related to its Internet web site, including but not limited to the Amazon My Wish List service.  Amazon has infringed the '111 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others and by intentionally aiding, assisting and encouraging the infringement of others through the use, sale, and offer for sale of its products and services.

11. Amazon's infringement, contributory infringement and inducement to infringe has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

12. Google has infringed, and is now at least directly infringing, at least claim 1 of the '111 Patent through, among other activities, the manufacture, use, sale and/or offer for sale of products and services related to its Internet web site.  Google has infringed the '111 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others and by intentionally aiding, assisting and encouraging the infringement of others through the use, sale, and offer for sale of its products and services.

15. Google's infringement, contributory infringement and inducement to infringe has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16. Kayak has infringed, and is now at least directly infringing, at least claim 1 of the '111 Patent through, among other activities, the manufacture, use, sale and/or offer for sale of products and services related to its Internet web site.  Kayak has infringed the '111 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others and by intentionally aiding, assisting and encouraging the infringement of others through the use, sale, and offer for sale of its products and services.

17.     Kayak's infringement, contributory infringement and inducement to infringe has injured Plaintiff and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

WHEREFORE, Plaintiff Parallel Networks, LLC respectfully requests this Court enter judgment against Defendants Amazon, Google, and Kayak and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A.  The entry of judgment in favor of Plaintiff and against the Defendants;

B.  An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C.  A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '111 Patent; and,

D.  Such other relief that Plaintiff is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

### Jury Demand

Plaintiff demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

*/s/ Johnny Ward*

T. John Ward Jr.
State Bar No. 00794818
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: jw@jwfirm.com
ATTORNEY FOR PLAINTIFF

4